THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL OVERMAN, Defendant-Appellant.

Fourth District   No. 4—88—0472

Opinion filed August 4, 1989.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and J.A.C. Knuppel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Following a jury trial, defendant was found guilty but mentally ill on five counts of arson, in violation of section 20—1 of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 20—1). The circuit court of Champaign County sentenced defendant to five extended terms of 10 years' imprisonment, the terms to be served concurrently. Defendant appeals his convictions. We affirm.

On appeal, defendant challenges the validity of the guilty but mentally ill verdict—specifically as it applied to him, and in a general manner. Defendant argues the trial court erred in modifying the appropriate Illinois Pattern Jury Instruction, thereby reducing the burden of proof for a finding of guilty but mentally ill. Defendant also argues the guilty but mentally ill verdict violates his constitutional right to due process of law. The pertinent facts follow.

Defendant does not deny the fact that he set a fire which caused damage to five buildings in Champaign. Defendant was observed in the vicinity of the fire by several individuals. The day after the fire,

defendant gave a taped confession to police. Defendant did not try to refute the evidence that he committed the arson.

Defendant, instead, relied on the defense of insanity. On the night of the fire, defendant had stated to police and fire officials that his daughter was in one of the burning buildings. At the time, defendant smelled heavily of alcohol and was described as highly emotional and agitated. Defendant had to be restrained from entering the burning buildings. The assertion about defendant's daughter proved to be false. Defendant later admitted to police that he had been drinking prior to starting the fire.

Defendant called as his only witness a psychiatrist, Dr. Lawrence Jeckel. At defendant's request, Dr. Jeckel had been appointed by the court to examine defendant in order to give professional expertise on the question of whether defendant was sane at the time he set the fire. The doctor examined defendant and concluded that defendant was suffering from a mental illness or defect when he set the fire, but that defendant was not legally insane. Dr. Jeckel believed defendant suffered from a borderline personality disorder characterized by traits of unstable and intense personal relationships, unstable moods, and impulsiveness. This manifested itself as pyromania. Also, defendant suffered from heavy alcohol dependence. Despite these mental defects, Dr. Jeckel concluded defendant was able to appreciate the wrongfulness of his conduct and also to conform his conduct to the requirements of the law.

The court and counsel spent a considerable period of time on jury instructions. One of the problems was in arriving at the proper wording for the issues instruction concerning arson. Finding an inconsistency between the burden of proof for a finding of not guilty by reason of insanity and guilty but mentally ill, the court deleted the last two paragraphs of Illinois Pattern Jury Instructions, Criminal, No. 24—25.01D (2d ed. Supp. 1987) (hereinafter IPI Criminal 2d (Supp. 1987)). This modification was done with the full agreement of both parties. The result was an instruction which was internally consistent but at odds with section 115—4(j) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 115—4(j)). Defendant was convicted on five counts of arson.

Defendant first argues that the trial court erred in altering the burden of proof for a finding of guilty but mentally ill. Defendant bases his argument on the holding of *People v. Fierer* (1988), 124 Ill. 2d 176, 529 N.E.2d 972. We are compelled to agree that the trial court committed error.

■■ The statutes regarding insanity and mental illness contain an

inconsistency concerning the required burdens of proof. Section 6—2(e) of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 6—2(e)) places the burden of proof upon the defendant to prove by a preponderance of the evidence that he is not guilty by reason of insanity. However, in order to obtain a verdict of guilty but mentally ill, the State is required to prove *beyond a reasonable doubt* that defendant was *not* insane. For a finding of guilty but mentally ill, the State is required to prove three propositions beyond a reasonable doubt: (1) defendant committed the offense; (2) defendant was not legally insane at the time of the commission of the acts; and (3) defendant was mentally ill during the commission of the offenses. (Ill. Rev. Stat. 1987, ch. 38, par. 115—4(j).) As noted in *Fierer*, this inconsistency developed as a result of an amendment to section 6—2(e), changing the burden of proof as to insanity, without a corresponding amendment to section 115—4(j). (*Fierer*, 124 Ill. 2d at 184-85, 529 N.E.2d at 975.) This inconsistency was noted by the trial court in *Fierer*. The trial court in that case modified the issues instruction to require the State to prove defendant was not insane by a preponderance of the evidence. Both the appellate court and our supreme court found this to be improper. The holding in *Fierer* is that the courts are to follow the requirements of the statutes in instructing the jury despite the inconsistent burdens of proof. (*Fierer*, 124 Ill. 2d at 191, 529 N.E.2d at 978.) Any remedy for this situation is to be left to the legislature.

■ In the instant case, the trial court was faced with the same situation as the trial court in *Fierer*. At the time, the supreme court had not yet issued its opinion in *Fierer*. The trial court in this case attempted to circumvent the inconsistency by deleting the final two paragraphs of IPI Criminal 2d No. 24—25.01D (Supp. 1987). The result was to reduce the State's burden for proving defendant sane from beyond a reasonable doubt to a preponderance of the evidence. Because this result is the same as that which occurred in *Fierer*, the trial court was in error.

The State encourages us to find the matter waived. The instructions used by the court in the instant case were first tendered by the defense. All parties eventually acquiesced in the particular form used. However, the waiver doctrine was rejected by the supreme court in *Fierer*. The court found the use of improper instructions to be plain error. (*Fierer*, 124 Ill. 2d at 187, 529 N.E.2d at 976.) Therefore, we must similarly reject the waiver argument.

■ Despite the presence of the error, we need not reverse the result. The facts in this case make it clear that the error was harmless. In this case, the defense introduced the testimony of Dr.

Lawrence Jeckel, a psychiatrist. His testimony was that defendant was mentally ill but not such as to meet the criteria for a finding of insanity. There was, therefore, no expert testimony that defendant was insane at the time the crime was committed. Had the jury been properly instructed in this case, it is clear the result would have been the same. The jury would have found defendant guilty but mentally ill. The supreme court in *Fierer* rejected a harmless error argument. However, the facts in that case are significantly different than in the instant case. In *Fierer*, two defense psychiatrists testified that defendant was insane at the time of the commission of the offense. (*People v. Fierer* (1987), 151 Ill. App. 3d 649, 660-61, 503 N.E.2d 594, 602 (Justice Heiple concurring in part, dissenting in part), *aff'd* (1988), 124 Ill. 2d 176, 529 N.E.2d 972.) The State also provided testimony from a psychiatrist who gave his opinion that defendant was legally sane when he committed the crime. (*Fierer*, 124 Ill. 2d at 184, 529 N.E.2d at 974.) In *Fierer*, the issue of the defendant's sanity was a close question. In the present case, it is not. We find the error in the instructions harmless, as it relates to defendant's convictions for arson.

Defendant's second argument is that the guilty but mentally ill verdict is fundamentally unfair and a violation of his constitutional right to due process of law. We note that similar due process arguments were rejected in *Fierer* (151 Ill. App. 3d at 653, 503 N.E.2d at 596-97), and *United States ex rel. Weismiller v. Lane* (7th Cir. 1987), 815 F.2d 1106, 1109-13. We, therefore, decline further review.

For the reasons stated above, the order of the circuit court of Champaign County is affirmed.

Affirmed.

McCULLOUGH, P.J., and GREEN, J., concur.